AUG - 3 2010

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PETER C. HANSEN,                    )        3:10-cv-00110-RCJ-VPC

        Plaintiff,                 )

        v.                         )        **ORDER**

MARK MALLOY, an individual,         )

        Defendant.                 )

_____     )

Currently before this Court is a Motion to Dismiss (#7) filed by Defendant Mark Malloy ("Malloy").  On July 9, 2010 the Court heard oral argument on this motion, at which time the Court indicated that it intended to deny the motion.

## I. BACKGROUND

This matter arises of out of Plaintiff Peter Hansen's employment with the State of Nevada, Department of Public Safety, Nevada Highway Patrol Division ("NHP"). In December of 2007, Mr. Hansen received an employee appraisal and development report that rated him as not meeting standards in statutory enforcement and commercial enforcement. Mr. Hansen filed a formal grievance with respect to this evaluation.  Soon thereafter, Mr. Hansen was reassigned from commercial work to traffic work, allegedly with the understanding that he would be returned to commercial work after an injured worker returned to full duty.  However, when the injured worker returned to full duty, Mr. Hansen continued with traffic duty and was transferred to Elko. (See Am. Compl. (#6) at ¶¶ 2–6).

Mr. Hansen viewed this as retaliation for filing the grievance related to his December 2007 evaluation and protested to the Chief of the Highway Patrol, Chris Perry ("Chief Perry"). Mr. Hansen was then assigned to perform a blend of commercial and traffic work, which was

1    allegedly a demotion from his original arrangement.  Mr. Hansen's grievance was ultimately

2    denied and in December of 2008, Mr. Hansen was provided with a performance evaluation

3    substantially similar to the one received in December of 2007, along with a written reprimand.

4    Mr. Hansen then filed a grievance for both the performance evaluation and the reprimand,

5    whereupon Mr. Malloy told Mr. Hansen that he would remain in traffic until a higher level of

6    his quota was met.  (See Am. Compl. (#6) at ¶¶ 7–10).

7        Mr. Hansen attempted to contact Chief Perry directly, but was advised by Major Tony

8    Almaraz that he would need to communicate through the chain-of-command.  Days later, Mr.

9    Hansen was served with a Specificity of Charges recommending a five-day suspension

10   without pay on the basis of incompetence, willful disobedience and insubordination.  Mr.

11   Hansen appealed, seeking to limit the basis of the suspension to incompetence.  (See Am.

12   Compl. (#6) at ¶¶ 11–12).

13       Plaintiff's original complaint, filed on February 25, 2010, charged Mr. Malloy and the

14   State of Nevada with a First Amendment claim under 42 U.S.C. § 1983 and a request to

15   modify and extend the charge of tortious discharge to include retaliatory adverse employment

16   actions of a material nature less than termination, in order that the charge might apply to the

17   facts of this case. (Compl. (#1)). Plaintiff's Amended Complaint (#6), filed on March 12, 2010,

18   removed the State of Nevada as a party and simply asserted a First Amendment claim under

19   Section 1983 against Mr. Malloy. On April 1, 2010, Mr. Malloy filed his Motion to Dismiss for

20   Failure to State a Claim (#7). On April 4, 2010, Mr. Hansen filed an Opposition (#8), and Mr.

21   Malloy filed a Reply (#9) on April 14, 2010.

22       According to Defendant, dismissal is appropriate in this case because Mr. Hansen's

23   protest of his employee appraisal and development report was not a matter of public concern

24   protected under the First Amendment.  Plaintiff argues that dismissal is not appropriate

25   because discussions related to the performance of a public agency is a matter of public

26   concern.

27   ///

28   ///

2

## II. ANALYSIS

A.   **Standard of Review**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate if the plaintiff "fail[s] to state a claim upon which relief can be granted." When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

B.   **Plaintiff's First Amendment Retaliation Claim Under 42 U.S.C. § 1983**

A First Amendment retaliation claim against a government employer involves a sequential five-step series of questions: (1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech. Desrochers v. City of San Bernardino, 572 F.3d 703, 708-09 (9th Cir. 2009) (citing Eng v. Cooley, 552 F.3d 1062, 1070 (9th Cir. 2009)). Because these are sequential steps, failure to fulfill any one of the factors necessarily concludes the inquiry. See Huppert v. City of Pittsburg, 574 F.3d 696, 703 (9th Cir. 2009).

Defendant maintains that Plaintiff's First Amendment claim must fail because Plaintiff's speech concerned his personal grievances and not a matter of public concern. The question of "[w]hether a public employee's speech addresses a matter of public concern is a question

3

1   of law." Eng, 552 F.3d at 1070. "Whether an employee's speech addresses a matter of public

2   concern must be determined by the content, form, and context of a given statement, as

3   revealed by the whole record." Desrochers, 572 F.3d at 709. However, the "greatest single

4   factor" in determining whether speech addressed a matter of public concern is the content of

5   the speech. Id. Generally, "[i]f employee expression relates to an issue of 'political, social,

6   or other concern to the community,' it may fairly be said to be of public concern." Brewster v.

7   Board of Educ. of Lynwood Unified School Dist., 149 F.3d 971, 978 (9th Cir. 1998). In

8   particular, speech is considered to address a matter of public concern where it involves

9   "issues about which information is needed or appropriate to enable the members of society

10  to make informed decisions about the operation of their government." Descrochers, 572 F.3d

11  at 710. The form and context of Plaintiff's speech are also relevant to the court's assessment

12  of whether the speech was subject constitutional protection. See Ulrich v. City & County of

13  San Francisco, 308 F.3d 968, 979 (9th Cir. 2002). In the analysis of form and context, the

14  court focuses on the purpose of the speech, and considers such factors as the employee's

15  motivation and the audience chosen for the speech. Id.

16      Hansen has alleged a variety of grounds upon which his speech might be considered

17  a matter of public concern. First, Hansen argues that the comparison of troopers'

18  performance with one another in evaluating work performance is inappropriate and is a blatant

19  violation of established methodology. (Opp. (#8) at 1:21–26). Hansen cites to Alpha Energy

20  Savers, Inc. v. Hansen, arguing that issues of public concern include "potential or actual

21  discrimination, corruption, or other wrongful conduct by government agencies or officials."

22  381 F.3d 917, 925 (9th Cir. 2004). Here, the case deals with a single individual's personnel

23  dispute which arises from a disagreement regarding the methodology used in evaluating

24  employees, specifically in the context of his own evaluations. An individual personnel dispute

25  or grievance bears little relation to the public's evaluation of the performance of government

26  agencies and is therefore not a matter of public interest. See Coszalter, 320 F.3d at 973.

27  Hansen has also argued that his expression of his grievances concerned Mr. Malloy's

28  performance as a public official and is therefore a matter of public concern. See Keyser v.

4

1 | Sacramento City Unified School Dist., 238 F.3d 1132, 1137 (9th Cir. 2001) (Issues of unethical
2 | conduct and violations of law are "inherently of interest to the public."). Hansen alleges
3 | inefficiency in managing and operating a governmental entity and incompetence as a public
4 | official. See generally Johnson v. Multnomah County, 48 F.3d 420, 425 (9th Cir. 1995).

5 |      Plaintiff's allegations indicate that the content of Hansen's speech involved a matter
6 | of public concern. There is a clear "public import in evaluating the performance" of a law
7 | enforcement agency to assess the "efficient performance of its duties." Ulrich, 308 F.3d at
8 | 978 (quoting Connick v. Myers, 461 U.S. 138, 148 (1983)). Although the content of Plaintiff's
9 | speech is considered "first and foremost," the form and context of his speech are also relevant
10 | to the court's assessment of whether it is protected under the First Amendment. Id. Plaintiff
11 | does not allege that he expressed his views to the press or representatives of the public at
12 | large, but this does not defeat his claim.

13 |      Although Plaintiff's asserted theory of retaliation is vague, it withstands a Rule 12(b)(6)
14 | motion and will not be dismissed. To find otherwise would require the Court to conduct a
15 | detailed analysis of Plaintiff's claim and consider evidence beyond that presented with the
16 | Complaint, and such analysis is inappropriate at this stage. The liberal rules of notice
17 | pleading set forth in the Federal Rules of Civil Procedure do not require a plaintiff to set out
18 | in detail the facts supporting his claim. See Yamaguchi v. U.S. Dept. of the Air Force, 109
19 | F.3d 1475, 1481 (9th Cir. 1997). All the rules require is a "short and plain statement" upon
20 | which a claim rests. Id. Moreover, a claim is sufficient if it shows that the plaintiff is entitled
21 | to any relief which the court can grant, even if the complaint asserts the wrong legal theory
22 | or asks for improper relief. See United States v. Howell, 318 F.2d 162, 166 (9th Cir. 1963).

23 | ## III. CONCLUSION

24 |      For the foregoing reasons, IT IS HEREBY ORDERED that the Motion to Dismiss (#7)
25 | is DENIED.

26 |      DATED: This 3rd day of August, 2010.

27

28

UNITED STATES DISTRICT JUDGE

5